UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:09-21846-CIV-LENARD/TURNOFF

ULISES SOTO,
individually and on behalf of
others similarly situated,

Plaintiff,

v.

CINERGY HEALTH, INC., a Florida Corporation,
DANIEL TOUIZER, Individually, THOMAS WHITE, Individually,
and DAVID DIMLICH, Individually,

Defendants.
_______________________________________/

**AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff, ULISES SOTO ("Plaintiff"), was an employee of Defendant, CINERGY HEALTH, INC. ("CHI"), DANIEL TOUIZER, individually, THOMAS WHITE, individually, and DAVID DIMLICH, individually (collectively "Defendants") and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

At all times relevant hereto Plaintiff was a non-exempt hourly/commission paid inside "Insurance Sales Agent," and performed related activities for Defendants in, among others, Dade County, Florida. The other putative Plaintiffs that already have, and will, join this lawsuit are non-exempt hourly/ commission paid inside "Insurance Sales Agents" who earned less than $100,000 in compensation from Defendants in one or more years during the applicable statute of limitations, and who worked for Defendants at their offices throughout Florida

## FACTS

1. Plaintiff, ULISES SOTO, was an employee of Defendants as more fully alleged herein. Plaintiff brings this action on behalf of himself and on behalf of other, current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act").

2. At all times material hereto, Plaintiff was employed by Defendants as a non-exempt hourly/commission paid inside "Insurance Sales Agent," performing the duties of an inside or telemarketing sales person, primarily within the personal jurisdiction and venue of this Court.

3. Plaintiff was employed by Defendants, from approximately May 5, 2008, through June 3, 2009.

4. Defendants should be in possession of all of the time and wage records for all of Plaintiff's and similarly situated employees' workweeks.

5. Defendant, CHI is a Florida Corporation that sells insurance and related services and products, for compensation out of its offices in Dade County, Florida and elsewhere, principally under the trade name "Cinergy Health."

6. Defendants suffer persons such as Plaintiff and others similarly situated to work on their behalf in performing the duties of an inside or telemarketing sales "Insurance Sales Agent" for the insurance and related services Defendants offer.

7. At all times relevant to this action, DANIEL TOUIZER was an individual resident of the State of Florida, who owned and operated CHI, and who regularly exercised the authority to: (a)

hire and fire employees of CHI; (b) determine the work schedules for the employees of CHI; and (c) control the finances and operations of CHI. By virtue of having regularly exercised that authority on behalf of CHI, DANIEL TOUIZER is an employer as defined by 29 U.S.C. 201 *et. seq.*

8. At all times relevant to this action, THOMAS WHITE, was an individual resident of the State of Florida, who operated CHI, and who regularly exercised the authority to: (a) hire and fire employees of CHI; (b) determine the work schedules for the employees of CHI; and (c) control the finances and operations of CHI. By virtue of having regularly exercised that authority on behalf of CHI, THOMAS WHITE is an employer as defined by 29 U.S.C. 201 *et. seq.*

9. At all times relevant to this action, DAVID DIMLICH, was an individual resident of the State of Florida, who operated CHI, and who regularly exercised the authority to: (a) hire and fire employees of CHI; (b) determine the work schedules for the employees of CHI; and (c) control the finances and operations of CHI. By virtue of having regularly exercised that authority on behalf of CHI, DAVID DIMLICH is an employer as defined by 29 U.S.C. 201 *et. seq.*

10. Each Defendant directly or indirectly acted in the interest of an employer toward Plaintiff and others similarly situated at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and others similarly situated. Alternately, Defendants are joint employers of Plaintiff and other similarly situated non-exempt workers in that each Defendant acts in the interest of the other in relation to Plaintiff and other similarly situated workers. As a further alternative, Defendants are joint employers in that they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated.

11. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

12. This cause of action is brought as a collective action to recover from Defendants overtime compensation, liquidated damages, a declaratory judgment, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

13. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, who were non-exempt hourly/commission paid inside "Insurance Sales Agents" who earned less than $100,000 in compensation from Defendants in one or more years during the applicable statute of limitations, and who worked for Defendants at their offices around the country, during the time period of June 2006 through current (the "material time").

14. In the course of employment with Defendants, the Plaintiff and the other employees in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to, among other things, credit time actually worked and failing to calculate the correct regular rate of pay from which to determine the proper overtime rate of pay, among other violations of the FLSA.

15. Defendants employed Plaintiff and those similarly situated to him, under a compensation plan, whereby they paid Plaintiff, and those similarly situated to him, either on a hourly basis (minimum wage and some or no overtime based on that hourly rate), or

commissions, depending on which they determined would net Plaintiff and those similarly situated to Plaintiff a higher weekly amount.

16. In most (if not all) weeks where Plaintiff and those similarly situated to Plaintiff, were paid on an hourly basis, Defendants failed to include all hours worked, and therefore did not pay Plaintiff and those similarly situated to Plaintiff their proper overtime compensation.

17. Further, by virtue of their failure to pay Plaintiff, and those similarly situated to him for all hours worked, in weeks which were paid on an hourly basis, Defendants failed to pay Plaintiff, and those similarly situated to him at least minimum wages for all hours worked.

18. Additionally, in all weeks where Plaintiff and the other similarly situated employees earned commissions, Defendants paid Plaintiff solely his commissions, and failed to pay Plaintiff appropriate overtime, or any overtime whatsoever.

19. By failing to pay overtime to Plaintiff and the putative class as articulated in Paragraph 18 above, Defendants violated 29 C.F.R. §778.118.

20. Defendants do not possess any records that show in each workweek during Plaintiff's employment with Defendants in which he worked more than forty (40) hours per week, that they properly paid Plaintiff appropriate overtime wages.

21. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants.

22. Notwithstanding Plaintiff's lack of complete records, Plaintiff estimates he is owed between $10,000.00 - $15,000.00 (unliquidated) OR $20,000.00 - $30,000.00 (liquidated), based on Defendants' numerous FLSA violations as follows:

Plaintiff was employed by Defendants from approximately May 5, 2008, through June 3, 2009 [56 weeks]. Each week he was paid ***either*** an hourly rate, which was calculated at minimum wage, for hours worked ***and*** credited by Defendants, or commissions, calculated by Defendants' commission schedule applicable to all hourly/commission paid inside "Insurance Sales Agents." Plaintiff regularly worked at least 60 – 70 hours per week [20 – 30 overtime hours].

Defendants' violated the FLSA because: (i) In weeks where Plaintiff was paid minimum wage rather than commissions, he was not paid for all hours worked. Thus, when every hour worked is considered, Plaintiff's wages for such weeks were sub-minimum wage for all hours worked; (ii) Defendants failed to pay Plaintiff appropriate time and a half premium pay for all overtime hours, in weeks where he was paid an hourly rate, rather than commissions; and (3) Defendants failed to pay Plaintiff any overtime compensation whatsoever in weeks where he was paid commissions rather than his hourly rate. In such weeks, Plaintiff is entitled to be paid an additional "half-time" premium for all overtime hours worked, but not paid.[1]

Plaintiff's damages will be calculated (when appropriate documentation is received) as follows:

**MINIMUM WAGE VIOLATION(S):**

[Hours worked x Applicable Florida State Minimum Wage] – [Hours credited x Applicable Minimum Wage] = Minimum Wage Damages/Deficiency Due x 2 = Liquidated Damages Amount

1 Prior to the receipt of full time and pay records from Defendants, any calculation would be mere guesswork rather than an educated guess, because Plaintiff is not clear as to how many weeks he was paid commissions versus weeks where he was paid an hourly rate. Plaintiff reserves the right to amend his estimates/calculations upon receipt of pertinent document production from Defendants.

**OVERTIME VIOLATIONS IN HOURLY RATE WEEKS:**

[25 hours per week x Applicable Minimum Wage x 1.5] – [Amounts Paid Above 40 Hours] = Overtime Damages/Deficiency x 2 = Liquidated Damages Amount

**OVERTIME VIOLATIONS IN COMMISSION-PAID WEEKS:**

Commissions/Hours Worked = Regular Rate

[25 hours/week x Regular Rate x .5] = Unliquidated Damages x 2 = Liquidated Damages

In addition to amounts calculated using the methodologies above, Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to the FLSA.

23. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).

24. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

25. The annual gross sales volume of the Defendants was in excess of $500,000.00 per annum.

26. By nature of their work, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

27. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other

employees in the asserted class full and proper overtime compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

28. Plaintiff has retained the undersigned counsel to represent him individually and on behalf of the asserted class, and has incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs if he prevails in this action.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

29. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 28 above.

30. Plaintiff is entitled to be paid time and one-half of Plaintiff's respective regular rates of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees (comprising the members of the asserted class) are similarly owed their full overtime rate for each overtime hour they worked and were not properly paid.

31. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney’s fees.

32. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

33. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ULISES SOTO, and those persons similarly situated to Plaintiff who have or will opt into this collective action, demand judgment against Defendants, jointly and severally, for the payment of compensation for all overtime hours at one and one-half their

regular rate of pay due them for the hours worked by them for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

## COUNT II
## RECOVERY OF UNPAID MINIMUM WAGES (FLSA)

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiff is entitled to be paid at least minimum wage for all hours worked. All similarly situated employees (comprising the members of the asserted class) are similarly owed their minimum wages for each hour they worked and were not properly paid.

36. Due to Defendants' failure to include all hours worked each week, in Plaintiff's paychecks, as compensable time, Defendants have failed to pay Plaintiff at least minimum wage for all hours worked.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

38. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

39. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ULISES SOTO, and those persons similarly situated to Plaintiff who have or will opt into this collective action, demand judgment against Defendants, jointly and severally, for the payment of compensation for all overtime hours at one and one-half their

regular rate of pay due them for the hours worked by them for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: July 13, 2009

Respectfully submitted,

**s/ ANDREW FRISCH**
Andrew Frisch
FL Bar No.: 27777
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
**E-Mail: afrisch@forthepeople.com**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing all counsel of record. Further, I sent a copy, via first-class mail, to the designated agent for Defendant, CINERGY HEALTH, INC.:

CINERGY HEALTH, INC.
JAY VALINSKY
KAIN & VALINSKY, P.A.
Suite 100
750 South East Third Avenue
Fort Lauderdale, FL 33316

**s/ ANDREW FRISCH**
Andrew Frisch